UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01655-JRS-KMB |
| ) | |
| MARGARET MARY COMMUNITY HOSPITAL ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING PLAINTIFF'S
### UNOPPOSED MOTION TO PROCEED UNDER A PSEUDONYM

Presently pending before the Court is Plaintiff Jane Doe's Unopposed Motion to Proceed under a Pseudonym. [Dkt. 12.] Plaintiff brings a putative class action data breach lawsuit, which Defendant Margaret Mary Community Hospital has removed to this Court. Plaintiff's Motion to Remand the lawsuit to state court is currently pending before the Court. For the reasons explained below, the motion is **GRANTED** at this time given the current posture of the case. However, if Plaintiff's Motion for Remand is denied and the lawsuit remains in this Court, Plaintiff will be required to show cause why she should be allowed to continue proceeding under a pseudonym.

"The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal court." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). That is so because "judicial proceedings, civil as well as criminal, are to be conducted in public," and "[i]dentifying the parties to the proceeding is an important dimension of publicness" because "[t]he people have a right to know who is using their courts." *Id.* There are narrow exceptions to the presumption of public proceedings that permit the use of fictitious names, such as "to protect the privacy of children, rape victims, and other particularly vulnerable parties

or witnesses." *Id.* This Court has previously used a six-factor test to evaluate whether a plaintiff's interest in proceeding anonymously outweighs the strong public interest in open courts. The factors include:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Shepherd v. Anthem Insurance Companies, Inc.*, 2023 WL 3868640, *2 (S.D. Ind. June 7, 2023) (denying motion to proceed under a pseudonym in putative data breach class action).

Unlike the Plaintiff in *Shepherd*, who was not allowed to proceed anonymously after affirmatively bringing claims in federal court, the Plaintiff in this case originally brought her state law claims in state court. [*See* dkt. 1-2.] Defendant removed Plaintiff's case to federal court, but Plaintiff has asked the Court to remand the case back to state court. Given the current procedural posture, the Court finds that it is appropriate for Plaintiff to be allowed to proceed anonymously in this Court at this time. Accordingly, Plaintiff's Unopposed Motion to Proceed under a Pseudonym is **GRANTED**. [Dkt. 12.] If Plaintiff's Motion for Remand is ultimately denied, however, the Plaintiff will have **14 days from the date of that denial to show cause** why she should be allowed to continue proceeding under a pseudonym. *See Shepherd*, 2023 WL 3868640, *3 (concluding that Plaintiff in a data breach lawsuit should not be allowed to proceed anonymously in federal court).

**So ORDERED**.

Date: 2/7/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Mary Kate Dugan
Cohen & Malad, LLP
mdugan@cohenandmalad.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com